Gerald D. Lane Jr., CA # 352470
E-mail: gerald@jibraellaw.com
The Law Offices of Jibrael S. Hindi
1515 NE 26th Street
Wilton Manors, FL 33305
Phone: (754) 444-7539

*Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**Case No.:**

**RONALD BURNETTE,**

**Plaintiff,**

v.

**TRANS UNION LLC,**
**CAPITAL ONE, N.A,**

**Defendants.**
________________________________________/

**COMPLAINT**

DEMAND FOR JURY TRIAL

**COMPLAINT**

Plaintiff, Ronald Burnette ("Plaintiff"), by and through counsel, files this Complaint against Trans Union LLC ("Trans Union"), CAPITAL ONE, N.A, ("Capital One"), pursuant to the Fair Credit Reporting Act, 15 USC §1681 et seq. ("FCRA").

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court arises under 15 U.S.C. §1681p, 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2. Venue in this District is proper because Plaintiff resides here, Defendants transact business here, and the complained conduct of Defendants occurred here.

**DEMAND FOR JURY TRIAL**

3. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

**PARTIES**

4. Plaintiff is a natural person, and a citizen of the State of California, residing in Los Angeles County, California.

5. Defendant Trans Union is a Delaware limited liability company and a consumer reporting agency ("CRA") as defined by FCRA, 15 USC §1681a(f).

6. Defendant Capital One is a Virginia corporation and a "person" as defined by FCRA, 15 USC §1681a(b).

**GENERAL ALLEGATIONS**

7. The FCRA prohibits furnishers of credit information from falsely and inaccurately reporting consumers' credit information to credit reporting agencies. The FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy."

8. Section 1681s-2(b) imposes a second category of duties on furnishers of information.

9. This obligation is triggered upon "notice of dispute"-- that is, when a person who furnished information to a CRA receives notice from the CRA that the consumer disputes the information. See § 1681i(a)(2) (requiring CRA's promptly to provide such notification

containing all relevant information about the consumer's dispute). Subsection 1681s-2(b) provides that, after receiving a notice of dispute, the furnisher shall:

> (A) conduct an investigation with respect to the disputed information;
>
> (B) review all relevant information provided by the [CRA] pursuant to section 1681i(a)(2)...;
>
> (C) report the results of the investigation to the [CRA];
>
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other [CRAs] to which the person furnished the information...; and
>
> (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph(1)...(i)modify... (ii)delete [or] (iii)permanently block the reporting of that item of information [to the CRAs].

10. Any furnisher who negligently fails to comply with any of its investigation duties is liable to the consumer for actual damages, the costs of litigation, and attorney fees. If the violation is willful, the furnisher is liable for actual damages or minimum statutory damages up to $1000, for punitive damages, as well as for costs and attorney fees.

**Background**

11. Plaintiff noticed inaccurate payments and inaccurate account history on Plaintiff's credit reports.

**Trans Union**

12. The inaccurate and/or derogatory information can be identified as follows:

a. Cap one (517805965098****): CLOSED 05/2023 BUT PAYMENT HISTORY AND LATE PAYMENTS CONTINUED REPORTING FROM THAT POINT UP UNTIL 2025; JAN 2024 SHOWING AS N/R WHICH IS INCOMPLETE.

b. Cap one (517805882134****): CLOSED 05/2023 BUT PAYMENT HISTORY AND LATE PAYMENTS CONTINUED REPORTING FROM THAT POINT UP UNTIL 2025.

c. BOA (440066821755****): Account was closed 06/2023 but there's payment history and late payments following the date.

d. BOA (552433265718****): Account was closed 06/2023 but there's payment history and late payments following the date; Also is missing the February 2020 payment (which EXP reports as paid on time).

e. BOA (440066592595****): account was closed 06/2023 but there's payment history and late payments following the date.

13. In or about November 2025, Plaintiff disputed the inaccurate and/or misleading reporting of the credit information listed above ("The Incorrect Trans Union Information") with the Defendant Trans Union.

14. After the resolution of the dispute(s) regarding The Incorrect Trans Union Information, Trans Union failed to remedy the Incorrect Trans Union Information.

**COUNT 1**
**TRANS UNION'S VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(15 U.S.C. § 1681e(b))

17. Plaintiff incorporates by reference the allegations regarding Defendant Trans Union in paragraphs ¶¶ 1-14 of this Complaint.

18. Defendant Trans Union prepared and issued consumer credit reports concerning Plaintiff, which previously included the inaccurate and/or misleading reporting of the Incorrect Trans Union Information, and continues to include the same information concerning inaccurate reporting of the Incorrect Trans Union Information.

19. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b) (emphasis added).

20. On at least one occasion within the past year, by example only and without limitation, Defendant Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure the maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

21. Plaintiff furnished Trans Union the necessary documentation supporting Plaintiff's tradeline(s), yet Trans Union continued to prepare a patently false consumer report concerning Plaintiff.

22. Despite actual and implied knowledge that Plaintiff's credit reports were and are not accurate, Trans Union readily provided false reports to one or more third parties, thereby misrepresenting Plaintiff, and ultimately Plaintiff's credit worthiness.

23. After Trans Union knew or should have known Plaintiff's account status in relation to the Incorrect Trans Union Information was inaccurate and/or misleading, they failed to make the corrections.

24. The conduct, action, and inaction of Defendant Trans Union was willful, thereby rendering Defendant Trans Union liable for actual, statutory, and punitive damages, in an

amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n). In the alternative, such conduct, action, and inaction, were negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

25. Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n) and/or 1681o.

**COUNT 2**
**TRANS UNION'S VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(15 U.S.C. §1681i)

26. Plaintiff incorporates by reference the allegations regarding Defendant Trans Union in paragraphs ¶¶ 1-14 above of this Complaint.

27. Trans Union violated § 1681i by failing to update inaccurate and/or misleading information in the Plaintiff's credit files after receiving actual notice of such inaccuracies, failing to conduct a lawful reinvestigation, failing to forward all relevant information to furnisher(s), failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit files, and relying upon verification from a source it has reason to know is unreliable.

28. Trans Union's conduct, action, and inaction, were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, such conduct, action, and inaction were negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

29. The Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

**COUNT 3**

**CAPITAL ONE'S VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(15 U.S.C. §1681s-2(b))

30. Plaintiff incorporates the allegations regarding Defendant Capital One in ¶¶ 1-14 of this Complaint.

31. Defendant Capital One violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiff's dispute(s) from one or more consumer reporting agencies, and/or failing to appropriately report the results of their investigations, and/or failing to appropriately modify the information.

32. Capital One further violated 15 U.S.C. § 1681s-2(b) by continuing to report the incorrect information within Plaintiff's credit files with the CRA Defendants by failing to fully and properly investigate the Plaintiff's dispute(s) of the incorrect information, failing to accurately respond to the CRA Defendants, failing to correctly report results of an accurate investigation to every other consumer reporting agency, and failing to permanently and lawfully correct its own internal records to prevent the incorrect reporting of the Plaintiff's credit file to the consumer reporting agencies.

33. Capital One's conduct, action, and inaction, were willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, prays that this Honorable Court:

A. Enter Judgment in favor of Plaintiff against Defendants jointly, severally, and in solido, for all reasonable damages sustained by Plaintiff for Defendants' violations of the FCRA, applicable state law, and common law;

B. Find that the appropriate circumstances exist for an award of punitive damages to Plaintiff;

C. Award Plaintiff pre-judgment and post-judgment interest, as allowed by law;

D. Order that the Defendants work in conjunction, cooperatively, and/or individually to reinvestigate and correct the consumer report(s), credit report(s), data emanations, consumer histories, and credit histories of and concerning Plaintiff and/or any of Plaintiff's personal identifiers;

E. Grant such other and further relief, in law or equity, to which Plaintiff might show her is justly entitled.

Dated: September 17, 2025

Respectfully Submitted,

/s/ Gerald Lane .

**GERALD D. LANE, JR., ESQ.**
Florida Bar No.: 352470
E-mail: gerald@jibraellaw.com
The Law Offices of Jibrael S. Hindi
1515 NE 26th Street,
Wilton Manors, Florida 33305
Phone: 754-444-7539

*COUNSEL FOR PLAINTIFF*